IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERTO RODRIGUEZ, RAQUEL M. RODRIGUEZ, DEBORAH M. RODRIGUEZ, and ROBERT M. RODRIGUEZ, <br><br> Plaintiffs <br><br> VS. <br><br> WILLIAM HICKS, AND MANGAT GROUP, INC., <br><br> Defendants | § § § § § § § § § § § § § §   CIVIL ACTION NO. _____ |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COME ROBERTO RODRIGUEZ, RAQUEL M. RODRIGUEZ, DEBORAH M. RODRIGUEZ, and ROBERT M. RODRIGUEZ, Plaintiffs, complaining of WILLIAM HICKS, and MANGAT GROUP, INC., and for causes of action would respectfully show the following:

### I. THE PARTIES

**A.   PLAINTIFFS**

1.   Plaintiff, ROBERTO RODRIGUEZ, is a citizen of the United States and a resident of San Antonio, Bexar County, Texas.  Roberto Rodriguez is the biological father of  Deborah M. Rodriguez and Robert M. Rodriguez, and husband of Raquel M. Rodriguez.  Roberto Rodriguez brings suit herein in his individual capacity for personal injuries.

2.   Plaintiff, RAQUEL M. RODRIGUEZ, is a citizen of the United States and a resident of of San Antonio, Bexar County, Texas. Raquel M. Rodriguez is the lawful wife of Roberto Rodriguez, and mother of Deborah M. Rodriguez and Robert M.

Rodriguez. Raquel M. Rodriguez brings suit for loss of consortium in her individual capacity.

3. Plaintiff DEBORAH M. RODRIGUEZ and ROBERT M. RODRIGUEZ are the adult biological children of Plaintiff Roberto Rodriguez and are residents of of San Antonio, Bexar County, Texas. Deborah M. Rodriguez, and Robert M. Rodriguez brings suit herein under the Bystander Recovery Doctrine in their individual capacities for their personal injuries.

### B. DEFENDANTS

4. Defendant, WILLIAM HICKS is a citizen of the United States and a resident of Forks, Clallam County, Washington, who was employed as a long haul trucker, engaged in the course and scope of his employment, and doing business in the state of Texas. Service of process will be made upon this Defendant by Personal Service at his Residence Address 2202 Clearwater Road, Forks, Washington 98331. Service is requested by Private Process.

5. Defendant, MANGAT GROUP, INC. (hereinafter, MGI) is an Arizona Corporation, doing business in the state of Texas, and service of process will be made upon its registered agent, Parminder Singh, 9299 W. Olive Avenue, Suite 507, Peoria, AZ 85345.

## II. JURISDICTION & VENUE

6. Jursdiction and venue are proper in the Federal District Court of the Western District of Texas. This is a negligence cause of action arising out of a motor vehicle collision occurring in Bexar County, Texas within the boundaries of the Western District of Texas. The parties are diverse. The Plaintiffs are residents of Bexar County, Texas. The defendant driver is a resident of the State of Washington. The owner of the 18 wheeler and employer of the defendant driver is a Corporation headquartered in the

State of Arizona. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## III. FACTS

7. This suit rises out of a motor vehicle incident, which occurred on or about May 28, 2017 in the parking lot of of Walmart #3107, in San Antonio, TX 78257. On this date, Plaintiff Roberto Rodriguez was injured on May 28, 2017, when the driver of a 2015 Kenworth tractor trailer rig, William Hicks, negligently reversed his big rig blindly into a parked car in the Walmart parking lot. The force of that collision sandwiched, pinned and crushed Plaintiff, Roberto Rodriguez, a pedestrian, between the vehicle that was hit by the 18 wheeler, and a parked car in an adjacent parking space, thereby causing Petitioner to sustain serious personal injuries. The accident was witnessed by his children, Robert M. Rodriguez and Deborah M. Rodriguez.

8. The vehicle in question is a 2015 Kenworth tractor bearing vehicle identification number (VIN) 1XKYD49X0FH43497 and was towing a 2013 Utility Equipment trailer VIN 1UYVS238DU693527. At the time of the incident in question, the vehicle in question was owned by defendant MGI and was being operated by defendant HICKS, in the course and scope of his employment.

## IV. NEGLIGENCE OF MANGAT GROUP, INC. (MGI)

9. Plaintiffs incorporate by this reference each and all of the allegations contained in paragraphs 1 – 9 of this complaint as though fully set forth herein.

10. At the time of the incident in question, Defendant MGI was the owner/operator of the vehicle in question being driven by Defendant HICKS.

11. HICKS was under the control of MGI, as an employee and/or agent of Mark Tranportation and was acting within the course and scope of his employment as a long haul truck driver.

12. Therefore, MGI is vicariously responsible for the negligence and negligence *per se* of HICKS based on the theory of *Respondeat superior*.

13. Plaintiffs further assert and allege at the time of the collision made the basis of this suit that Defendant, MGI was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    a. failing to properly train Hicks;

    b. failing to properly supervise Hicks;

    c. failing to properly implement appropriate policies and procedures;

    d. entrusting a vehicle to Hicks;

    e. failing to provide proper and/or adequate training with respect to safe vehicle operation;

    f. failing to ensure the safety of others through proper training;

    g. failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing;

    h. creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

    i. negligently exercising control on Hicks; and

    j. having superior knowledge of specific risk and specific danger and failing to guard against it.

14. Each and all of the above mentioned acts or omission and/or commission constituted negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs hereby seek recovery.

## V. Negligence Of William Hicks (Hicks)

15. Plaintiffs incorporate by this reference each and all of the allegations contained in paragraphs 1 – 14 of this complaint as though fully set forth herein.

16. At the time and on the occasion in question, Defendant, HICKS, while operating the vehicle in question within the course and scope of his employment for Defendants and while operating said vehicle for and on behalf of and with Defendants' permission, failed to use ordinary care by various acts and omissions each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

   a. in failing to keep a proper lookout;

   b. in blindly reversing the 18 wheeler into a parked car;

   c. in causing Plaintiff's body to be pinned between two cars.

   d. in operating his tractor trailer in a careless and heedless fashion in a crowded parking lot with pedestrians present so as to endanger other persons using the parking lot;

   d. in failing to abide by the proper rules and regulations concerning his vehicle's safe operation; and

   e. in failing to operate his vehicle in a reasonable and prudent manner.

17. Each and all of the above foregoing acts of omission and/or commission constituted negligence, and gross negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs now seek recovery.

18. HICKS' blindly reversing his 18 wheeler with pedestrian and vehicluar traffic, in an inherently unsafe proximity to the 18 wheeler, constitutes negligence *per se* and was a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs now seek recovery.

## VI. DAMAGES

19. Plaintiffs incorporate by this referrence each and all of the allegations contained in Paragraphs 1 through 18 of this complaint as though fully set forth herein.

20. Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

### A. Roberto Rodriguez's Damages For Personal Injuries

21. As a result of the incident in question, Roberto Rodriguez was seriously injured and suffered severe, permanent and disabling injuries.

22. As a result of the incident in question, Roberto Rodriguez suffered physical pain and mental anguish, both past and future.

23. As a result of the incident in question, Roberto Rodriguez has suffered disfigurement, physical impairment, limitation of activities and a dimunition of enjoyment of life, both past and future.

24. As a result of the incident in question, Roberto Rodriguez has sustained reasonable and necessary medical expenses, past and future, for the care and treatement of her injuries.

25. As a result of the incident in question, Roberto Rodriguez has required medical treatment in the past and, in reasonable probability, will require other and additional treatment and care in the future.

26. As a result of the incident in question, Roberto Rodriguez suffered a loss of earnings, and diminution of future earning capacity.

27. As a result of the incident in question, Plaintiff Roberto Rodriguez has incurred the following damages:

    a. Reasonable and necessary medical expenses in the past for Plaintiff Roberto Rodriguez;

    b. Reasonable and necessary medical expenses, which in all reasonable probability, will be incurred in the future for Plaintiff Roberto Rodriguez;

    c. Physical pain and suffering in the past by Plaintiff Roberto Rodriguez;

    d. Physical pain and suffering, which in all probability, will be suffered in the future by Plaintiff Roberto Rodriguez;

    e. Mental anguish suffered in the past by Plaintiff Roberto Rodriguez;

    f. Mental anguish, which in all probability, will be suffered in the future by Plaintiff Roberto Rodriguez;

    g. Physical impairment suffered in the past by Plaintiff Roberto Rodriguez;

    h. Physical impairment, which in all probability, will be suffered in the future by Plaintiff Roberto Rodriguez;

    i. Lost wages in the past of Plaintiff Roberto Rodriguez;

    j. Loss of wage earning capacity which, in all reasonable probability, will be suffered in the future by Plaintiff Roberto Rodriguez;

  k. Disfigurement sustained in the past by Plaintiff Roberto Rodriguez;

  l. Disfigurement, which in all reasonable probability, will be sustained in the future by Plaintiff Roberto Rodriguez.

### B. Deborah M. Rodriguez & Robert M. Rodriguez's Damages Under the Bystander Recovery Doctrine

28. As a result of the incident in question, Plaintiffs Deborah M. Rodriguez and Robert M. Rodriguez, would show that they are entitled to recover pursuant to the Bystander Recovery Doctrine as that cause of action is understood and applied under Texas law. More specifically, Plaintiffs Deborah M. Rodriguez and Robert M. Rodriguez, were present at the scene of the accident and directly experienced, witnessed, and perceived the injuries and suffering of their father being pinned and crushed between two cars. Actually witnessing such trauma caused Plaintiff's children, Deborah M. Rodriguez and Robert M. Rodriguez, severe mental anguish, trauma, shock and distress, both phyical and emotional, past and future.

### C. Raquel M Rodriguez's Damages For Loss of Consortium

29. As a result of the incident in question Plaintiff Raquel M. Rodriguez has incurred loss of household servies sustained in the past.

30. As a result of the incident in question Plaintiff Raquel M. Rodriguez has incurred loss of household servies which in all reasonable probability, will be sustained in the future.

31. As a result of the incident in question Plaintiff Raquel M. Rodriguez has incurred loss of consortium sustained in the past.

32.     As a result of the incident in question Plaintiff Raquel M. Rodriguez has incurred loss of consortium which in all reasonable probability, will be sustained in the future.

### VIII.     PRE-JUDGMENT AND POST-JUDGMENT INTEREST

33.     Plaintiffs incorporate by this refernce each and all of the allegations contained in Paragraphs 1 through 45 of this complaint as though fully set forth herein.

34.     Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

### IX.     JURY DEMAND

35.     Plaintiffs request a trial by jury for all issues of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for their actual and exemplary damages, jointly and severally, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

WIGINGTON RUMLEY DUNN &
BLAIR, L.L.P.
601 Howard St.
San Antonio, TX 78212
Telephone:   (210) 487-7500
Telecopier:   (210) 487-7501

/s/ Joseph Dunn
Joseph M. Dunn
SBN:  06245650
jdunn@wigrum.com

Ross W. Evans
SBN: 24064771
revans@wigrum.com

And

Ryan L. Orsatti
Attorney-at-Law
SBN: 24088910
Ryan@ryanorsattilaw.com
14855 Blanco Road, Suite 108
San Antonio, TX 78216
Telephone:   (210) 525-1200
Telecopier:   (210) 951-5545